IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 15, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

| | |
|---|---|
| **TOCCARA PULLER,** | ) |
| Plaintiff, | ) Case No. 7:24CV00187 |
| v. | ) **OPINION** |
| **CHADWICK DOTSON,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Toccara Puller, Pro Se Plaintiff.*

The plaintiff, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that someone tampered with her incoming mail, interfered with her legal documents, and engaged in a conspiracy to violate her rights. After review of Puller's submissions, I conclude that this § 1983 action must be summarily dismissed.

Puller's claims are based on events at Fluvanna Correctional Center for Women (FCCW), a prison operated by the Virginia Department of Corrections (VDOC). The allegations in the Complaint are sparce. In Claim #1, she alleges, "Federal offenses violated from [FCCW] mailroom censorship, interception and tampering with legal litigation incoming mail from Loevy & Loevy and Dept of Justice." Compl. 2, ECF No. 1. Claim #2 alleges, "Federal offenses violated from

defendants Unit Manager Haight censorship, interception and tampering of plaintiff's legal case documents [in] 7:23cv588." *Id.* Claim #3 alleges "[f]iled an intracoprate [sic] conspiracy facts defense in legal cases from Judges orders in Arlington Circuit Court Arlington VA for manipulation of the system and serial deprivement for personal reasons. Judge Daniel Fiore II." *Id.* As relief, Puller seeks monetary and injunctive relief and appointment of counsel.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1] The plaintiff must state specific facts about what each defendant did, personally, that violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Under 28 U.S.C. § 1915A(a), a district court is required "to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity." *McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009*), abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). A district court must dismiss the

---

[1] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Puller identifies only one state prison official as a defendant in this case, Chadwick Dotson, the Director of the VDOC. Yet, she does not state any facts concerning actions that Dotson undertook, personally, related to her claims or in violation of her constitutional rights. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019).

Puller may believe she can hold Dotson liable for the actions of Unit Manger Haight, merely because of Dotson's supervisory position. Puller is mistaken. Under § 1983, a supervisory official may only be held liable "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Puller has also moved for appointment of counsel in this civil action. The court cannot require an attorney to represent an indigent civil plaintiff. *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Rather, the court may request that an attorney represent an indigent plaintiff when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard*, 490 U.S. at 309. Puller has not stated facts showing any such extraordinary circumstance warranting court assistance in finding counsel to represent her.

Finally, Puller has also filed a pleading that the court has docketed as a request for interlocutory injunctive relief. This twenty-four-page document without paragraphs jumps from topic to topic, without dates, complaining about unspecified mail being intercepted, Puller's infant son gone missing, and Puller's allegedly unlawful incarceration after revocation of her probation. The court is unable to decipher any sequence of specific facts about any of the occurrences of which Puller is apparently seeking court intervention. She asks the court to investigate and prosecute unspecified individuals for unspecified offenses, while neither of these processes is a court function. Puller also seeks an evidentiary hearing, a trial and summary judgment in her favor, but fails to state facts warranting any of these procedures.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*

In this case, Puller's motion simply does not state any facts that would support the required findings for interlocutory injunctive relief.  As my summary of the motion reflects, Puller makes conclusory assertions of events or official actions, but fails to provide any statement of facts to support these assertions.  Therefore, it is impossible to make a finding that her circumstances warrant the extraordinary relief of a preliminary injunction or any of the other court procedures she seeks.[2]  Accordingly, I must deny her motion.

For the reasons stated, I will summarily dismiss this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim and will deny Puller's pending motion.  A separate Final Order will be entered herewith.

DATED:   July 15, 2024

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] Puller repeatedly refers to events and criminal proceedings that occurred outside this judicial district, in Arlington or Fairfax, Virginia.  She also appears to believe that in this § 1983 case, this court could order her release from her current incarceration.  Challenges to the fact or length of a state prisoner's incarceration must be raised through a habeas corpus action under 28 U.S.C. § 2254 after exhaustion of state court remedies.  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Moreover, any § 2254 petition or § 1983 case concerning events that occurred in Arlington or Fairfax would appropriately be raised, if at all, in the United States District Court for the Eastern District of Virginia.  Most importantly, any petition or lawsuit on these matters will need to include facts — related events in the order they occurred, including dates and places and outcomes, not merely Puller's conclusory accusations and assertions that appear in her current motion.